US v. Douglas-Ramos                      CR-02-021-M    02/14/03

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


United States of America,
        Plaintiff

        v.                                Criminal No. 02-21-3-M
                                          Opinion No. 2003 DNH 025
Stephanie Douglas-Ramos,
        Defendant


**O R D E R**


At sentencing, facts were developed, through defendant's testimony and her counsel's representations, that demonstrated the absence of an adequate factual basis for her earlier plea of guilty to the conspiracy offense charged in Count One of the indictment.  Accordingly, the court, sua sponte, vacated the plea, concluding that: (1) a sufficient factual basis to support the plea did not exist; and (2) defendant did not knowingly, voluntarily, and intelligently plead guilty to the charged offense.  See Fed. R. Cr. P. 11(b)(3)(2002).  That she pled guilty, or wishes to plead guilty, to a conspiracy different from the one charged in the indictment does not address the adequacy of her plea to the actual crime charged.

Count One charges that from approximately December 2001 through February 2002, defendant conspired with Juan Costillo, Peter Ramos, and "other persons known and unknown to the Grand Jury, to distribute, and to possess with intent to distribute [ecstacy]." Defendant entered a seemingly provident plea to that charge, but, later, during sentencing, she disavowed any participation in a conspiracy involving "others" beyond Juan Costillo and Peter Ramos (she points out that the one intended distributee of the ecstacy involved in the conspiracy to which she pled guilty was acting at the time as a government agent). She also disavowed participation in any conspiracy whose scope and purpose extended beyond the limited goal of possessing and distributing ecstacy on two occasions: January 9, 2003 (charged substantively in Count Two), and January 30, 2003 (charged substantively in Count Three).

That is, defendant acknowledges her guilt only with regard to a conspiracy _different_ _from_ that charged in the indictment.[1]

---

[1] To be fair, defendant seems to take the view that the conspiracy to which she pled guilty _is_ the same as that described in the indictment, at least as she construes the indictment. The government disagrees that her construction is accurate, and the court disagrees as well. The charged conspiracy is not limited to one whose object extended only to the two distributions of

2

This is not a case in which the defendant admits to participation in the conspiracy as charged, but seeks to avoid sentencing accountability for drug quantities that were distributed by co-conspirators whom she did not know, or in transactions she could not reasonably foresee. Rather, this is a situation in which defendant describes a different conspiracy than that charged, and believes she pled guilty only to that different conspiracy.

According to defendant, the conspiracy to which she pled guilty began shortly before January 9, 2003, and ended on January 30, 2003, when the objects of the conspiracy were fully accomplished and its purposes fulfilled. Consistent with that view, she argues that the entire drug quantity involved in the conspiracy to which she pled guilty is fixed, consisting of the ecstacy possessed and distributed on January 9 and 30. She agrees that she should be held accountable under the sentencing guidelines for that full amount, since she was personally involved in distributing that amount, and the conspiracy involved

ecstacy defendant admits to participating in, and that conspiracy undeniably involved "others" in addition to Costillo and Ramos, and it began well before the conspiracy defendant describes. Defendant unequivocally represented at sentencing that she did not admit guilt with regard to any conspiracy involving "others" in addition to Costillo and Peter Ramos.

only that amount.  That is, no apportionment of any greater drug quantity is necessary (or appropriate), because the conspiracy did not involve any other drugs, she participated in accomplishing the full objective of the conspiracy, the objective was in fact accomplished, and the conspiracy ended when its goals (the two sales) were fully achieved.

Defendant disavowed knowledge of, or participation in, any other drug possession or distribution acts by Peter Ramos, or Juan Costillo, or any other alleged co-conspirators, and she argued that she was not guilty of any conspiracy involving "others" beyond Costillo and Ramos, and was not guilty of a conspiracy broader in scope that the conspiracy to distribute ecstacy on January 9 and 30, 2003.  But Count One of the indictment plainly charges a conspiracy whose purpose and objectives <u>were</u> broader in scope than that admitted by defendant, and, the indictment plainly charges a conspiracy involving "others" in addition to Ramos and Costillo.

While it is not necessary for defendant to know all the participants in a conspiracy, or to be aware of it's actual

4

scope, she cannot providently plead guilty to the conspiracy <u>charged</u> in the indictment by redefining it as some other distinct conspiracy - one of more limited scope, purpose, duration, and membership.  <u>See</u> <u>United States v. Broce</u>, 488 U.S. 563, 570-71 ("A guilty plea 'is more than a confession which admits that the accused did various acts.'  It is an 'admission that he committed <u>the</u> <u>crime</u> <u>charged</u> against him.' . . . '[T]he precise nature and extent of the conspiracy must be determined by reference to the agreement which embraces and defines its objects.'" (citations omitted; emphasis added)).  Before judgment of guilty can be entered on Count One, defendant must either providently plead guilty to the crime actually charged, or a jury must determine her guilt beyond a reasonable doubt.  She has not entered a provident plea to the conspiracy charged in Count One.

Since defendant pled guilty to three counts of the indictment pursuant to a plea agreement, and the court has vacated the plea to Count One, the other pleas shall also be vacated, at defendant's option, and pleas of not guilty reinstated.  Trial will be scheduled on Count One, and, as appropriate, Counts Two and Three.

5

**SO ORDERED.**

                                       _____\
Steven J. McAuliffe\
United States District Judge

February 14, 2003

cc:   Terry L. Ollila, Esq.\
      Phillip R. Desfosses, Esq.\
      R. Brian Snow, Esq.\
      Brian T. Tucker, Esq.